IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl T. Brown, ) | C/A No. 0:16-3673-HMH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Bonila Moseley, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Darryl T. Brown, a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Petitioner indicates he was sentenced in the United States District Court for the Eastern District of Tennessee on May 12, 2014, pursuant to the career offender provision of the United States Sentencing Guidelines. See U.S.S.G. §§ 4B1.1 & 4B1.2. (ECF No. 1 at 1.) He claims he previously filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of Tennessee challenging the constitutionality of the career offender provision based on Mathis v. United States, 136 S. Ct. 2243 (2016) (invalidating sentence under the Armed Career Criminal Act ("ACCA") where the predicate state crime's elements were broader than those of the listed generic offense). (Id. at 4.) He now challenges his sentence in this § 2241 habeas corpus petition, arguing his state burglary and drug convictions should not have counted as predicate offenses under the sentencing guidelines. (Id. at 6-8; ECF No. 1-1 at 3.)

II.  Discussion

    A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d

1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

A petitioner cannot challenge his federal conviction and sentence under 28 U.S.C. § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction).  The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Rice, 617 F.3d at 807, and does not extend to petitioners who challenge only their sentences.  See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding the district court properly determined that a petitioner could not challenge a career offender enhancement under

§ 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to a sentence enhancement under the ACCA was not cognizable under § 2241 via the § 2255 savings clause). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, Petitioner challenges his sentence under the United States Sentencing Guidelines, relying on the United States Supreme Court's recent decision in Mathis v. United States, 136 S. Ct. 2243 (2016) (invalidating a sentence under the ACCA where the predicate state crime's elements were broader than those of the listed generic offense). However, Petitioner does not challenge his federal conviction in this case.[1] Therefore, even assuming he is entitled to the relief he seeks in the Petition concerning the sentencing guidelines, Petitioner cannot demonstrate actual innocence to bring his claim within the savings clause of § 2255(e). See Rice, 617 F.3d at 807.

Because Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence, Petitioner's remedy, if any, appears to be to seek permission to file a 28 U.S.C. § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Sixth Circuit. See § 2255(h). This case should be dismissed because this court lacks jurisdiction over the Petition. See Rice, 617 F.3d at 807.

---

[1] Petitioner did not provide the court with any information about the federal offense for which he was convicted.



### III.   Conclusion

Accordingly, the court recommends that the instant Petition be dismissed without prejudice and without requiring Respondent to file a return.

                                                                          _____
                                                                          Paige J. Gossett
                                                                          UNITED STATES MAGISTRATE JUDGE

December 22, 2016
Columbia, South Carolina

> *The Petitioner is directed to the important information in the attached*
> *"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).